STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
KILBY MACFADDEN
SUE P. FAHAMI
Nevada Bar Number 5634
Assistant United States Attorneys
100 W. Liberty Street, Suite 600
Reno, NV 89501
PHONE: (775) 784-5438
FAX: (775) 784-5181
kilby.macfadden@usdoj.gov
sue.p.fahami@usdoj.gov

*Representing the United States of America*

**SEALED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

3:17-CR-0114-LRH-VPC

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVENDRA I. PATEL M.D.,<br>a.k.a., DEVENDRAKUMAR I. PATEL M.D.,<br><br>Defendant. | INDICTMENT FOR VIOLATION OF:<br><br>21 U.S.C. § 841(a)(1) - Distribute a Controlled Substance (Counts 1 through 36); and<br><br>18 U.S.C. § 1347 – Health Care Fraud (Counts 37 through 39)<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

At times material to this Indictment:

### Introduction

1.    The Defendant, Devendra I. Patel, M.D., ("Patel") is a licensed physician, with Nevada license number 11068, who has practiced medicine in Nevada since 2004. Defendant Patel previously practiced medicine in New York and Nebraska. He maintains his medical practice, Northeastern Nevada Cardiology, which is located at 674 North Cedar Street, Elko, Nevada. Defendant Patel is a cardiologist. As part of his practice, he prescribes Controlled Substances, including opioids, with a DEA license number BP6740662.

1

2.  Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) et seq., and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless it was issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

3.  Defendant Patel routinely prescribes various Schedule II-IV controlled substances including Fentanyl, Hydrocodone and Oxycodone for his patients, outside the usual course of professional practice, without a legitimate medical purpose.

4.  Further, Defendant Patel routinely has his patients submit to unnecessary heart testing in order to fraudulently obtain private insurance, Medicare and Medicaid payments.

5.  One such procedure he routinely administers, without medical necessity, is a nuclear stress test. A nuclear stress test, which involves injecting a radioactive dye into the patient's bloodstream, is typically ordered if you have undiagnosed heart problems or a diagnosis such as coronary artery disease. This test measures blood flow. The test provides images that can show areas of low blood flow through the heart and damaged heart muscle. The test usually involves taking two sets of images of your heart — one while at rest and another after the heart is stressed, either by exercise or medication.

6.  Defendant Patel broadly performed EKGs on his patients. These tests routinely showed the results as abnormal. Patel performed the EKGs so that he could then order these nuclear stress tests for his patients, all without medical necessity. He utilized a poorly calibrated machine and presented his patients with fraudulent X-Rays, in order to deceive his patients into thinking they had coronary issues that needed to be treated by him.

7.  Defendant Patel also would bill Medicare or Medicaid for these nuclear stress tests, when he did not actually perform the test on the patients.

8. Medicare and Medicaid continued paying for the unnecessary tests for Patel's patients, or paying for these tests that were not performed, resulting in Patel receiving fraudulent provider payments.

## COUNTS ONE THROUGH TWENTY-ONE
*(Distribution of Controlled Substances - Schedule II)*

The Grand Jury incorporates Paragraphs One through Eight as though fully set forth herein.

On or about the dates set forth below, in the State and Federal District of Nevada,

**DEVENDRA I. PATEL,**

Defendant herein, did knowingly and intentionally distribute, a mixture and substance containing a detectable amount of a Schedule II controlled substance, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 1 | September 14, 2015 | Patient A | Oxycodone |
| 2 | November 12, 2015 | Patient A | Oxycodone |
| 3 | December 14, 2015 | Patient A | Oxycodone |
| 4 | January 13, 2016 | Patient A | Oxycodone |
| 5 | February 12, 2016 | Patient A | Oxycodone |
| 6 | May 1, 2014 | Patient B | Oxycodone |
| 7 | May 1, 2014 | Patient B | Morphine Sulfate |
| 8 | May 30, 2014 | Patient B | Oxycodone |
| 9 | May 30, 2014 | Patient B | Morphine Sulfate |
| 10 | June 27, 2014 | Patient B | Oxycodone |
| 11 | June 27, 2014 | Patient B | Morphine Sulfate |

| 12 | July 25, 2014 | Patient B | Oxycodone |
| 13 | July 25, 2014 | Patient B | Morphine Sulfate |
| 14 | August 22, 2014 | Patient B | Oxycodone |
| 15 | August 22, 2014 | Patient B | Morphine Sulfate |
| 16 | September 20, 2014 | Patient B | Oxycodone |
| 17 | September 20, 2014 | Patient B | Morphine Sulfate |
| 18 | October 20, 2014 | Patient B | Oxycodone |
| 19 | October 20, 2014 | Patient B | Morphine Sulfate |
| 20 | November 20, 2014 | Patient B | Oxycodone |
| 21 | November 20, 2014 | Patient B | Morphine Sulfate |

All in violation of Title 21, United States Code, Sections 841(a)(1), and Title 21, Code of Federal Regulations, Section 1306.04.

**COUNTS TWENTY-TWO THROUGH TWENTY-FIVE**
*(Distribution of Controlled Substances - Schedule III)*

The Grand Jury incorporates Paragraphs One through Eight as though fully set forth herein.

On or about the dates set forth below, in the State and Federal District of Nevada,

**DEVENDRA I. PATEL,**

Defendant herein, did knowingly and intentionally distribute, a mixture and substance containing a detectable amount of a Schedule III controlled substance, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

4

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 22 | November 22, 2015 | Patient C | Hydrocodone-Acetaminophen aka "Norco" |
| 23 | December 20, 2015 | Patient C | Hydrocodone-Acetaminophen aka "Norco" |
| 24 | January 19, 2016 | Patient C | Hydrocodone-Acetaminophen aka "Norco" |
| 25 | February 15, 2016 | Patient C | Hydrocodone-Acetaminophen aka "Norco" |

All in violation of Title 21, United States Code, Sections 841(a)(1) and Title 21, Code of Federal Regulations, Section 1306.04.

**COUNTS TWENTY-SIX THROUGH THIRTY-SIX**
(*Distribution of Controlled Substances - Schedule IV*)

The Grand Jury incorporates Paragraphs One through Eight as though fully set forth herein.

On or about the dates set forth below, in the State and Federal District of Nevada,

**DEVENDRA I. PATEL,**

Defendant herein, did knowingly and intentionally distribute, a mixture and substance containing a detectable amount of a Schedule IV controlled substance, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 26 | August 22, 2017 | Patient D | Xanax |
| 27 | August 22, 2017 | Patient D | Ambien |

| 28 | August 22, 2017 | Patient D | Provigil |
| --- | --- | --- | --- |
| 29 | September 28, 2017 | Patient D | Xanax |
| 30 | September 28, 2017 | Patient D | Ambien |
| 31 | September 28, 2017 | Patient D | Provigil |
| 32 | September 28, 2017 | Patient D | Tramadol |
| 33 | September 28, 2017 | Patient D | Nuvigil |
| 34 | September 29, 2017 | Patient E | Tramadol |
| 35 | September 29, 2017 | Patient E | Nuvigil |
| 36 | September 29, 2017 | Patient E | Ambien |

All in violation of Title 21, United States Code, Sections 841(a)(1); and Title 21, Code of Federal Regulations, Section 1306.04.

### COUNTS THIRTY-SEVEN THROUGH THIRTY-NINE
*(Health Care Fraud)*

The Grand Jury incorporates Paragraphs One through Eight as though fully set forth herein.

On or about June 19, 2014, continuing to on or about June 10, 2016, in the State and Federal District of Nevada,

### DEVENDRA I. PATEL

did knowingly and willfully execute a scheme and artifice to defraud a health care benefit program, to wit: the Medicaid and Medicare Part B and D programs, and to obtain by means of materially false and fraudulent pretenses, representations, promises, and omissions, money and property owned by and under the custody and control of Medicaid and Medicare, in connection with the delivery of and payment for health care benefits, items and services, to wit: nuclear

stress tests, with each Patient, identified herein as Patients F, G and H, constituting a separate violation of Title 18, United States Code, Section 1347.

| COUNT | Patient | Approximate Dates | Health Care Benefit |
|---|---|---|---|
| 37 | Patient F | June 19, 2015 | Medicaid |
| 38 | Patient G | June 10, 2016 | Medicaid |
| 39 | Patient H | June 19, 2014 | Medicare Part B |

DATED: this 6th day of December, 2017.

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

STEVEN W. MYHRE
Acting United States Attorney

KILBY MACFADDEN
SUE P. FAHAMI
Assistant United States Attorneys