UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00114-LRH-VPC |
| Plaintiff, | ORDER |
| v. | |
| DEVENDRA I. PATEL M.D., a.k.a., DEVENDRAKUMAR I. PATEL M.D., | |
| Defendant. | |

The government moves to modify the conditions of release imposed by Magistrate Judge Cobb. ECF No. 17. The defendant, Dr. Devendra I. Patel, opposes the motion. ECF No. 18. After reviewing the parties' briefs, the United States Pretrial Services' ("Pretrial Services") report, and the hearing transcript of Dr. Patel's initial arraignment, the court denies the motion.

**I.   BACKGROUND**

A grand jury indicted Dr. Patel on thirty-six counts of distributing a controlled substance and on three counts of health care fraud. ECF No. 2. Dr. Patel made his initial appearance before Magistrate Judge Cobb on December 13, 2017, at which time Judge Cobb heard arguments regarding pretrial detention. ECF No. 8. The government moved for the detention of Dr. Patel. *Id.* But Pretrial Services recommended that Dr. Patel be released on his own recognizance with conditions. *Id.* Dr. Patel also sought a release on his own recognizance with conditions. *Id.*; *see also* ECF No. 16. After hearing the parties' arguments and discussing the circumstances of this matter, Judge Cobb ordered that Dr. Patel be released on a personal recognizance bond under various conditions. ECF No. 8; ECF No. 16. The conditions of Dr. Patel's release include:

(1) Dr. Patel must report to Pretrial Services for supervision and agree to supervision by Pretrial Services; (2) Dr. Patel must surrender any passport to Pretrial Services; (3) Dr. Patel must not obtain a passport or passport card; (4) Dr. Patel must not travel out of the state of Nevada, unless air travel through Utah is approved by Pretrial Services prior to the travel occurring; (5) Dr. Patel must only prescribe nuclear stress tests that are medically necessary, which will be monitored by Pretrial Services; and (6) Dr. Patel must comply with any suspension by the Drug Enforcement Agency ("DEA") of his license to prescribe medications. ECF No. 13; ECF No. 16. Dr. Patel voluntarily relinquished his DEA license—which allows him to prescribe medications—during the hearing. *Id.*

The government now moves to modify the conditions of release, requesting an order prohibiting Dr. Patel from practicing medicine and administering nuclear stress tests during the lifetime of this case. ECF No. 17. Dr. Patel opposes the motion.

## II.  LEGAL STANDARD

The Bail Reform Act provides: "if after a hearing …, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). If the judicial officer is a magistrate judge or "a person other than a judge of the court having original jurisdiction over the offense[,]" the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *Id.* § 3145(b). The district judge reviews the order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). In reviewing the order, the district judge must consider the following factors: "(1) the nature and circumstances of the offense charged …; (2) the weight of the evidence against the person; (3) the history and characteristics of the person…; (4) the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release." *Id.* § 3142(g).

## III.  DISCUSSION

At Dr. Patel's initial appearance, the government argued that Dr. Patel is a flight risk and that he is a danger to others and to the community. ECF No. 16. In its motion to modify the

conditions of release, the government does not argue for detention. *Id.* It instead argues that the conditions of release should be modified to prohibit Dr. Patel from practicing medicine, because he would pose a danger to the community if he were allowed to practice medicine. *Id.* The court disagrees.

The current conditions of release combined with Dr. Patel's forfeiture of his DEA license provide for the adequate assurance of the safety of other persons and the community. The court reaches this conclusion principally for two reasons.

First, the gravamen of the indictment alleges that Dr. Patel illegally distributed controlled substances. He did so under the authority of his DEA license, which allowed him to prescribe medications. By forfeiting his DEA license, Dr. Patel significantly reduced the most significant risk alleged in the indictment—the illegal distribution of controlled substances to the public— because he cannot issue prescriptions without his DEA license. The condition that Dr. Patel comply with any suspension by the DEA of his license minimizes the risk even further.

Second, the conditions reasonably ensure the safety of others and the community from dangers related to the health-care-fraud charges. The conditions prohibit Dr. Patel from conducting nuclear stress tests unless the tests are medically necessary. Dr. Patel's compliance with the condition will be monitored by Pretrial Services. Further, Judge Cobb cautioned Dr. Patel regarding fraudulent billing and the ordering of unnecessary stress tests. The court is satisfied that the conditions of release reasonably ensure the safety of other persons and the community.

In addition, and although the government does not argue to the contrary in its instant motion, the court finds that the conditions of release adequately ensure Dr. Patel's appearance as required in this matter. Dr. Patel has considerable ties to the community, *e.g.* his family, his home, his business, his lengthy term of residence in Elko, and the absence of a criminal history. Any risk of flight is further diminished by the conditions requiring forfeiture of Dr. Patel's passport and prohibiting Dr. Patel from obtaining another. The conditions of release reasonably ensure Dr. Patel's appearance as required in this matter.

///

Based on the foregoing, the court finds that the conditions of release reasonably ensure the safety of other persons or the community and the appearance of the defendant as required in this matter. The court is in agreement with the conditions of release ordered by Magistrate Judge Cobb. The government's motion to modify the conditions of the release is denied accordingly.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that the government's motion to modify conditions of release (ECF No. 17) is **DENIED.**

DATED this 10th day of January, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE