Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Defendant
DEVENDRA PATEL

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEVENDRA PATEL,<br><br>　　　　Defendant. | )<br>)<br>)<br>)　　3:17-CR-00114-LRH-CBC<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, DEVENDRA PATEL (hereinafter "Dr. Patel"), by and through his counsel of record, LANCE A. MANINGO, of MANINGO LAW, submits this Sentencing Memorandum in advance of his sentencing scheduled for Tuesday, April 9, 2019.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1

Dr. Patel respectfully requests a sentence of probation not to exceed five (5) years. This sentence is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth in 18 U.S.C. § 3553.

DATED this 2nd day of April, 2019.

MANINGO LAW

By:    /s/ Lance Maningo
Lance A. Maningo
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Attorney for Defendant

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.      INTRODUCTION**

On December 6, 2017, the Government filed a thirty-nine (39) count Criminal Indictment. On December 13, 2017, Dr. Patel was arraigned and charged with thirty-six (36) counts of Distribution of a Controlled Substance, in violation of Title 21 U.S.C. § 841 (a)(1), and three (3) counts of Health Care Fraud, in violation of Title 18 U.S.C. § 1347.

On November 26, 2018, Dr. Patel entered a guilty plea to one (1) count of Distribution of a Controlled Substance, in violation of Title 21, U.S.C. § 841(a)(1) and (b)(1)(C).  At the time of sentencing, the Government has agreed to dismiss the remaining counts of the Criminal Indictment.

**II.      PLEA AGREEMENT & PRESENTENCE INVESTIGATION REPORT**

Pursuant to the Plea Agreement, executed by Dr. Patel, the base offense level is **20.** A **2-level** upward adjustment applies because the use of a special skill; a **2-level** downward adjustment applies for acceptance of responsibility; and a **1-level** downward adjustment applies upon motion of the Government. This yields a total offense level of **19.**

2

According to the above calculations (applying all downward adjustments), Dr. Patel's total offense level is **19**, which results in a guideline range of 30-37 months (Zone D)[1]

Per the Plea Agreement, "the defendant may seek a downward adjustment pursuant to 18 U.S.C. § 3553, including probation, from any sentence the Court may impose." Accordingly, Dr. Patel prays for probation.

The total offense level calculated by the United States Probation Office is **21**. Based on its assessment of the instant case and Dr. Patel's overall history, the United States Probation Office recommends the Court impose a sentence of forty-six (46) months in custody, representing the high-end of level 21 at Criminal History category I.

Dr. Patel submitted Formal Objections to the PSR. Inasmuch as those Formal Objections double as sentencing arguments- those are incorporated herein by reference. Dr. Patel treads lightly here because there is such a fine line between explanation and excuse and if ill-received by his audience, Dr. Patel's remorseful offerings can be misunderstood or lost. That said, Dr. Patel takes great issue with this PSR. Some highlights of the PSR's misgivings include:

- At paragraph 8 of the PSR, the PSR states "This case was initiated by the … (FBI) in Elko, Nevada, after receiving reports of several deaths related to painkiller/opioid overdose." [no causal connection between Dr. Patel and any alleged opioid-related deaths];

- At paragraph 11 of the PSR, the PSR states "Dr. Patel routinely prescribed … controlled substances … outside the usual course of his professional practice…" [untrue];

_____

[1] Dr. Patel has a Criminal History Category of I. *See* PSR.

3

- The PSR also states, "Dr. Patel would then bill Medicare or Medicaid for these nuclear stress tests, when he did not actually perform the tests on the patients." [untrue as confirmed by independent interviews with alleged victims];

- At paragraph 15 of the PSR, the PSR provides a mathematically irresponsible formula to determine a restitution amount and suggests a 'conservative estimate' at $853,101.00. [calculation is unreliable and the Government has advised at reverse proffer and change of plea that they are not seeking restitution];

- More, the PSR suggests that experts (plural) "concluded that the over-prescribing of opioids and other painkillers by the defendant was a contributing factor in eight deaths that occurred in Elko, Nevada…" [this is absolutely unsupported and irresponsible];

- At paragraph 96, the PSR recommends high-end and references "defendant's lack of cooperation." [Dr. Patel did cooperate and pled];

- The PSR states "the defendant has expressed no remorse for his actions and appears to minimize the effects of his behavior …" [untrue as undersigned counsel was present for the interview and witnessed a remorseful Dr. Patel];

To date, there have been no revisions to the PSR offered by the United States Probation Office.

## III.   LEGAL SUPPORT

The Sentencing Reform Act, as revised by United States v. Booker, 125 S. Ct. 738 (2005), allows the sentencing court to consider the Guidelines, but permits the court to tailor the sentence in light of statutory concerns- to wit: factors set forth in 18 U.S.C. 3553(a). The arguments below are offered to encourage this Court to sentence Dr. Patel to a term that is sufficient, but not greater than necessary, per 18 U.S.C § 3553(a); to wit: probation.

4

Section 3553(a) directs sentencing courts to consider:

(A)     To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     To afford adequate deterrence to criminal conduct;

(C)     To protect the public from further crimes of the defendant; and

(D)     To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Additional factors under Section 3553 that a court must consider include:

1.      The nature and circumstances of the offense and the history and characteristics of the defendant;

2.      The kinds of sentences available;

3.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

4.      The need to provide restitution to any victims of the offense.

Accordingly, a sentencing court must now consider the above 3553(a) factors. The advisory guidelines range is but one factor to be considered in sentencing and should not be accorded greater weight than the mandatory Section 3553(a) factors. United States v. Zavala, 443 F. 3d 1165, 1170 (9th Cir. 2006). A court does not have a duty to address each Section 3553(a) factor independently, but it must show it considered the statutory factors to fashion a reasonable sentence, United States v. Know His Gun, 438 F. 3d 913, 918 (9th Cir. 2006). Moreover, the court may reject a guideline "based solely on policy considerations, including disagreements with the guidelines" provided that it substantiates its reasons for deviation. Kimbrough v. United States, 552 US 85 101, 205 (2007) (cited Rita v. United States, 551 US 338, 351 (2007)); 18 U.S.C. § 3553(a)(5)(A).

There are several factors this Court should consider ensuring the sentence imposed on Dr. Patel is sufficient, but not greater than necessary to meet the statutory purposes of sentencing. The following will focus on the nature and circumstances of the offense, Dr. Patel's history and characteristics, and the need to avoid unwarranted disparities in the sentences imposed.

5

### a. Nature and Circumstances of the Offense warrant Probation.

Dr. Patel's timely plea of guilty, coupled with his admissions before the Court to the essential elements of the offense provide an adequate basis for acceptance of responsibility, pursuant to USSG § 3E1.1. *See* paragraph 26 of the PSR.

Further representations and argument in mitigation will be offered at the time of sentencing.

### b. Dr. Patel's History and Characteristics.

Dr. Patel is 60-years old and currently resides in Spring Creek, Nevada. He was born in Gujurat, Baroda, India. He came to the United States in 1984. He has been a naturalized United States citizen since 1990. Dr. Patel speaks English well, but his primary/natural language is Punjabi.

Dr. Patel has a mother and sister in South Carolina and a brother in India. Since 1987, he has been married to Meenakshi Patel. Together they have 2 children. Their eldest is studying to become a dentist while their youngest is a student at UNR. Dr. Patel has always been a hard-working family man.

Dr. Patel received his medical degree from Government Medical College, MS University in Vadodara/Baroda, India in 1981. He received his Bachelor of Medicine and Surgery from Mahraja Sanajirao University of Baroda in 1983. Dr. Patel completed his residency at Catholic Medical Centers (Cornell University) in 1992. Dr. Patel has also received several certificates, evidencing his commitment to higher education and quality medical care. Please see Exhibit "1."

Dr. Patel has strong support from colleagues. Please see Exhibit "2" attached hereto. Exhibit "2" includes letters from colleagues Bill Kama, MD and physician's assistant Erika

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

Sandoval.  Dr. Kama wrote: "As a clinician of 31 years, I can say that I have no qualms endorsing Dr. Patel's character and acumen as a doctor and as a human being."

Dr. Patel also has incredible support from his former patients in Elko.  Please see Exhibit "3."  Exhibit "3" includes patient letters from: 1) Victoria Willis, 2) Donald Ozman, Jr., 3) Robyn Anthony, 4) John Khoury, 5) Frank Hetrick, 6) Shawna Eklund, 7) Kip McAlexander, 8) Tim Earles, 9) Bernie Lenard, 10) Barbara Sparks, 11) Reverend Jerry French, 12) Terri Berryman, 13) Lori Huntley, 14) Wade Huntley, 15) Charles Smith, 16) James Crossley, 17) Shannon Bell, 18) Maris Lee, 19) Jim Cruthirds, 20) Lyle McMillan, 21) Suzanne Lauren, 22) Adelaido Brunellos, 23) Tom Poulsen, 24) John Schneider, 25) Edna Morris, 26) Socorro Solis, 27) Cuca Ortiz, 28) Humberto Solis, 29) David Paprocki, 30) Craig Lenz, 31) D P Buchanon, 32) Paul Grill, 33) Charles Bottrof, 34) Fraink Raia, 35) Dottie Shaffer, 36) Patrick Coffin, 37) Mina Kama, 38) Terry Shaw, 39) Carroll Sparks, 40) unsigned, 41) Ignatio Hurales, 42) Susanne Carey, 43) Frank Kogan, 44) Gloria Simmons, 45) Maudie Whiddon, 46) Christa Ray, 47) Tina Fisher, 48) Susan Hardman, 49) Jerry Fisher, 50) Gary Tylor, 51) David Taylor, 52) Bernardo Medrano, 53) Shawn Whitaker, 54) Juventina Matz, 55) Chad Eklund, and 56) **Brenda Gaboni (alleged victim)**.

Excerpts from these letters include:

- "As a valuable asset, Dr. Patel is widely known and respected throughout our community. His qualifications and philanthropic services are a hub for other recognized specialists and patients."

- "He always had my best interests at heart.  He consistently treated me professionally. I have never lost confidence in his ability to provide me comprehensive and ethical care."

- "I am grateful for everything."

- I thank God for Dr. Patel's advice and help with my heart condition.  Dr. Patel is a phenomenal doctor with exemplary skills."

- "I feel that I am still alive today because of his strategies involving my health."

- "I think of him as a very attentive and concerned doctor for both me and my husband. I will be very sorry if I lose him as my long-term doctor."

- I was a retired deputy sheriff from Carson City, Nevada …the rumors about Dr. Patel have not given me reason to doubt what I have experienced with the man."

- "He is very compassionate and sincere about his work…"

- "He is the kindest doctor I have seen in a very long time.  He doesn't just get you in, examine you, and ship you out.  He actually talks to you and wants to be personal with you."

- "His learning and practice is very needed in Elko. That he chose to practice here does say something about the man."

- "For many of us he is not replaceable…"

- "I feel he has given me the best health care …"

- "He always conducted himself in a very professional manner and has helped her [wife] immensely."

- "He is a great doctor.  He gives me the right medicine.  He never gives me addicted medicine."

- "He takes care of my needs.  He doesn't give me medicine I don't need."

- "I understand that Dr. Patel was also criticized for over prescribing opioids.  I tell you the truth, before I started seeing Dr. Patel, I had been on prescription opioids for more than 10 years. Upon seeing Dr. Patel [he] immediately cut my intake by ½ and the strength of the pill by ½ also."

8

- "I give Dr. Patel a 10 star rating out of all of the doctors I have seen."

- "He has been a great doctor.  He has saved my life."

- "His idea of patient care as he explained to me was to be proactive and try to prevent problems before they arose instead of after they had happened."

- "I have always known him to be professional and courteous.  I don't feel that he ever pressured my mother or me to take any treatments or medication that were not necessary."

- "Dr. Patel is renowned within Northeastern Nevada Regional as well as the Elko community."

- "Dr. Patel has taken a hard stance against prescribing any opioids for my pain. He has attempted other treatment plans… I have attempted to change his mind several times during the time I have been his patient without success."

- "I owe him so much for saving me.  You could never find another Dr that cares as much as him."

- "Dr. Patel's goal is to get me off the oxycontin and oxycodone … I'm thankful he helped me back to a normal life in the end."

- "He is a benefit to this town, not a problem."

- **"I will stand behind Dr. Patel because he never did anything wrong to me."** [alleged victim, Brenda Gaboni- her letter is included at Exhibt "3," last letter]

It is clear from these letters that Dr. Patel offers a valuable service to the community of Elko.

Dr. Patel has no criminal history whatsoever.

////

////

9

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

### c. Need to Avoid Unwarranted Disparity in Sentencing.

The sentence imposed upon Dr. Patel should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In determining a just sentence, the Court is free to consider other punishments that Dr. Patel has suffered as a result of his actions. U.S. v. Wachowiak, 496 F.3d 744 (7th Cir 2007). Here, Dr. Patel has lost his medical practice, his career.

In addition, at the time of sentencing Dr. Patel will present argument relative to other cases, corresponding sentences, and disparity in sentencing.

## IV.     CONCLUSION

Dr. Patel is a defendant worthy of a chance. Dr. Patel has been perfect on pretrial release and would continue if granted probation. Based on the foregoing, Dr. Patel respectfully requests that this Court impose a sentence of probation for a period of no more than five (5) years.

DATED this 2nd day of April, 2019.

MANINGO LAW

By:      /s/ Lance Maningo
         Lance A. Maningo
         Nevada Bar No. 6405
         400 South 4th Street, Suite 650
         Las Vegas, Nevada 89101
         Attorney for Defendant