UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVENDRA I. PATEL M.D., a.k.a.,<br>DEVENDRAKUMAR I. PATEL M.D.,<br><br>Defendant. | Case No. 3:17-cr-00114-LRH-VPC<br><br>ORDER |

Before the court is defendant Devandra I. Patel's motion to stay his 37-month prison sentence pending appeal. ECF No. 48. The government opposed the motion (ECF No. 55) and Patel timely replied (ECF No. 56). Upon review, the court finds a stay is not warranted and denies Patel's motion.

**I.  BACKGROUND**

A grand jury indicted Patel on thirty-six counts of distributing a controlled substance and on three counts of health care fraud. ECF No. 2. After he made his initial appearance before the court on December 13, 2017, he was released on a personal recognizance bond with conditions and has remained so throughout the pendency of this action. ECF Nos. 8; 16. On November 26, 2018, defendant pled guilty to Count 1 of the indictment, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), pursuant to a plea agreement. ECF Nos. 27; 28. The plea agreement provided that the government would recommend a sentence within the agreed upon guideline range, 30 -37 months (Offense level 19, Criminal History Category 1), and would dismiss the remaining counts. ECF No. 28. The agreement further provided that "[t]he Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to

1

appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture." *Id.* at 12.

Prior to sentencing, Patel objected to the Presentence Report, which determined that his total Offense Level was a 21, not a 19 as agreed upon in the plea agreement. ECF No. 31. This increase in Offense Level led to a change in the guideline range from 30 to 37 months to a guideline range of 37 to 46 months. Consistent with the plea agreement, the government requested a 37-month sentence, (ECF No. 32), while Patel requested a sentence of 5-years' probation, (ECF No. 33). After two hearings on the issue, the court sentenced Patel to 37 months, to be followed by 3 years of supervised release, and a $500,000 fine. ECF Nos. 37; 38; 40. Patel was further ordered to self-surrender to the U.S. Bureau of Prisons on Tuesday, August 6, 2019. ECF No. 40.

On May 16, 2019, Patel filed a notice of appeal. ECF No. 41. On August 2, 2019, he filed a motion for a 30-day extension of the surrender date, and a motion to stay his prison sentence pending appeal. ECF Nos. 48; 49. The court granted defendant's unopposed motion for an extension and continued his reporting date to September 5, 2019. ECF No. 50. The court now rules on defendant's pending motion to stay.

## II.   DISCUSSION

18 U.S.C. § 3143(b)(1) provides that:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>     (i)    reversal
>     (ii)   an order for a new trial,
>    (iii)  a sentence that does not include a term of imprisonment, or
>    (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

2

A substantial question is one that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

Here, as to the first factor, the court finds Patel is not likely to flee or pose a danger to the community. Patel's wife and children reside in Nevada, and he has no prior criminal history. Further, he has been released on bond throughout the pendency of this action, has not missed any court appearances, and has fully co-operated with pre-trial services. As a result of this behavior, the court granted him almost 4 months to self-surrender and get his affairs in order after sentencing. Therefore, the court finds that Patel is not likely to flee the court's jurisdiction and is not a threat to public safety if released pending his appeal.

As to the second factor, while the court finds that the defendant's motion is not an attempt to delay, it also finds that Patel has failed to show that his appeal raises a substantial question of law or fact likely to result in a sentence that doesn't include a term of imprisonment, or a reduced term of imprisonment. Patel raises four issues that he argues are meritorious: (1) there should have been a downward departure from the Guidelines to a no-jail sentence or a variance under § 3553(a); (2) the two additional offense level points should not have been added in determining his total offense level; (3) that the relevant conduct was not proven by clear and convincing evidence; and (4) that defendant's due process right to a fair hearing was violated because evidence of relevant conduct was not proved by clear and convincing evidence.

First, at sentencing, the court recognized and considered all the Section 3553(a) factors in effectuating a sentence for Patel that was sufficient, but not greater than necessary. Patel pled guilty to Count 1 of the indictment, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), which is punishable by a maximum of 20 years. The court properly considered Patel's lack of criminal history, family background and family characteristics. The court's ultimate determination, a sentence of just over 3 years, was a considerable departure from the maximum, and further, it appropriately fell within both the guideline range determined by the presentence report, 37 to 46 months, and the guideline range agreed to pursuant to his plea, 30 to 37 months. Therefore, the court finds that Patel has failed to raise a substantial question for appeal as to this issue.

Second, Patel argues that his guideline range was improperly calculated, and the additional 2 offense level points were not based on relevant conduct shown by clear and convincing evidence, which deprived him of his due process right to a fair hearing. Regardless of the merits of these claims, pursuant to the plea agreement, such issues are unappealable. The Ninth Circuit has held that it lacks "jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.* at 1153.

It is clear to the court that Patel's waiver encompasses his right to appeal on the grounds he has raised. Pursuant to his plea, he agreed that he would not appeal a sentence imposed within the applicable Sentencing Guideline range, *as determined by the court*. The court determined that the applicable sentencing guideline range was 37 to 46 months and then, accordingly, the court sentenced him within this applicable range to 37 months. Further, if the court did err as Patel contends, the court also sentenced him within the lower applicable range of 30 to 37 months. Accordingly, Patel waived his right to appeal such a sentence.

Additionally, the court finds that Patel knowingly and voluntarily waived his appellate rights. At his change of plea hearing on November 26, 2018, the court inquired of Patel whether he had had an opportunity to review the entire plea agreement, discuss it with his attorney, and whether he understood the agreement. ECF No. 43 at 12. The court specifically inquired of Patel's understanding of the appellate right waiver:

> **The Court**: But another provision that concerns me is that you have waived appeal pursuant to your plea agreement. Specifically, you have waived the right to appeal any sentence imposed within or below the applicable sentencing guideline range which will be determined by the Court.
> You have also given up your right to appeal the manner in which the Court determines your sentence under United States law, and the right to appeal any other aspect of your conviction or sentence and any order of restitution or forfeiture.
> You are also waiving and giving up your right to collateral challenges. Those challenges under Title 28 of the United States Code section 2255 which would give you a chance to come in at a later time and challenge your conviction or your sentence.

///

> The only right of appeal in your plea agreement that you're reserving to yourself would be the right to appeal a sentence which is greater than the sentencing guideline range which will be determined by the Court.
> Do you understand that you may be losing all of those rights of appeal as a result of a guilty plea here in this case?
> **The Defendant**: Yes, your Honor.

*Id.* at 11. Nothing in this record leads the court to find that Patel's waiver of these appellate rights was anything less than completely knowingly and voluntarily made.

Accordingly, the Ninth Circuit lacks jurisdiction to entertain Patel's appeal. Because the Ninth Circuit lacks jurisdiction, the court finds that Patel has failed to show that his appeal raises a substantial question of law or fact likely to result in a sentence that doesn't include a term of imprisonment, or a reduced term of imprisonment. Therefore, the court orders Patel detained pending his appeal and denies his motion to stay execution of his sentence.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the defendant's motion to stay (ECF No. 48) is **DENIED.**

IT IF FURTHER ORDERED the court's prior order (ECF No. 50) that defendant is to self-surrender to the U.S. Bureau of Prisons on **September 5, 2019, by 2:00 p.m.** remains in effect.

DATED this 29th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5