JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEVENDRA I. PATEL,<br><br>    Defendant. | Case No. 3:17-cr-114-LRH-CLB<br><br>**Government's Response in Opposition to Defendant Devendra I. Patel's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 128]** |

**Certification: This response is timely.**

### INTRODUCTION

On June 28, 2023, Defendant Devendra I. Patel filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (the 2255 Motion). ECF No. 128. He did so despite the fact that his conviction occurred more than four years ago on May 9, 2019, ECF No. 40, and his conviction and sentence were affirmed on appeal on August 3, 2020, ECF No. 102. Patel presents no valid argument as to why the 2255 Motion was not filed earlier within the applicable statute of limitations period. Furthermore, his 2255 Motion is meritless. For those reasons, the 2255 Motion should be denied.

# FACTUAL BACKGROUND

On December 6, 2017, a federal grand jury in Nevada returned a 39-count indictment against Patel, charging him with multiple instances of Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1), and Healthcare Fraud in violation of 18 U.S.C. § 1347. ECF No. 2. Pursuant to a plea agreement, Patel pleaded guilty to Count One, charging him with Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF Nos. 27, 28.

In the plea agreement, Patel admitted that between approximately September 2015 and January 2016 and later dates, (1) he prescribed dosages and amounts of Oxycodone and Hydrocodone to patients outside the usual course of his professional practice and without a legitimate medical purpose, and (2) he intended to do so. ECF No. 28 at 5. Patel was eventually convicted and sentenced to 37 months imprisonment. ECF No. 40. He filed a notice of appeal, ECF No. 41, and his conviction and sentence were upheld by the Ninth Circuit, ECF No. 90. More than two years after his appeal was decided, on June 28, 2023, Patel filed the instant 2255 Motion.

# STATUTORY FRAMEWORK

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). After a defendant's "chance to appeal has been waived or exhausted," the Court is "entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). The federal habeas process "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Indeed, "to obtain collateral relief a [defendant] must clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 167.

# DISCUSSION

**A.    Patel's 2255 Motion Is Time-Barred.**

Section 2255 states that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final[.]" 18 U.S.C. § 2255(f). "Normally, a § 2255 motion must be filed within a year of the date the conviction became final, a period that expired years ago for Blackstone." *United States v. Blackstone*, 903 F.3d 1020, 1022 (9th Cir. 2018).

This Court entered Patel's judgment of conviction and sentence on May 9, 2019. ECF No. 40. He filed an appeal, and the Ninth Circuit affirmed the conviction, ECF No. 90, and issued a mandate on August 3, 2020, ECF No. 102. There is no indication in the record or the 2255 Motion that a petition for writ of certiorari was filed with the Supreme Court, so Patel's judgment became final "when the time for filing such a petition lapse[d]." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015); *see* Sup. Ct. R. 13 (90 days to file a petition for a writ of certiorari after entry of judgment). The 2255 Motion was filed June 28, 2023, ECF No. 128, more than two years after his judgment became final, and more than a year after the limitations period expired.[1]

In the 2255 Motion, Patel cites to *Ruan v. United States*, 142 S. Ct. 2370 (2022), as apparent justification for his late filing, stating he was unaware of the actual elements of the crime to which he pled guilty, because he was misinformed by his trial attorney. ECF No. 128 at 6. The deadline to file a § 2255 motion may be equitably tolled if the petitioner can

---

[1] Patel is not entitled to the benefits of the prison mailbox rule, *see United States v. Winkles*, 795 F.3d 1134, 1145-46 (9th Cir. 2015), because he is not incarcerated; the BOP's Inmate Locator shows that he was released on May 18, 2022. *See* https://www.bop.gov/inmateloc/. Indeed, Patel acknowledges that he is on supervised release. *See* ECF No. 128 at 1. Moreover, the 2255 Motion was filed by his attorney, not Patel himself. *See id.* at 9.

3

show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Gilbert*, 807 F.3d at 1202 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Equitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness. This is a very high threshold." *Id.* (internal quotations and citation omitted).

Patel does not meet this very high threshold. A petitioner's ignorance of the law is not a valid basis for equitable tolling. *Brown v. Gittere*, 842 F. App'x 115, 118 (9th Cir. 2021) (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009)). Because Patel untimely filed his 2255 Motion, and he does not assert a valid equitable tolling argument to extend the statute of limitations period, the Court should deny his Motion as untimely.[2]

**B.     Patel's 2255 Motion Lacks Merit.**

Patel raises two related claims in the 2255 Motion, both of which rely on the same legal argument: that *Ruan* invalidated the elements of his crime as stated in his plea agreement and as communicated by his trial attorney, and that his plea was not knowing and voluntary because he was not accurately informed of the elements of his offense. These arguments misinterpret and misapply *Ruan*.

As stated in the plea agreement, the elements of Patel's Section 841(a)(1) offense were as follows:

> First, beginning on or about September 2015 and January 2016 and later dates, the Defendant knowingly distributed Schedule II controlled substances, to wit: Oxycodone and Hydrocodone;

---

[2]     Even assuming *Ruan* reset the one-year limitations period under § 2255(f)(3) by announcing a retroactive new right—which it did not, nor does Patel assert that it did—the 2255 Motion is still untimely, as it was filed on June 28, 2023, one day after that one-year period expired; *Ruan* was decided on June 27, 2022.

       Second, the Defendant knew that the controlled substances were Oxycodone and Hydrocodone or some other prohibited drug;

       Third, the Defendant distributed the controlled substances outside the usual course of professional practice and not for a legitimate medical purpose; and

       Fourth, the Defendant intended to distribute the controlled substances outside the course of his professional practice.

ECF No. 28 at 3-4. Patel argues that the elements as described above did not constitute distribution under Section 841(a)(1) as interpreted in *Ruan* because they did not address whether his conduct was "unauthorized" or knowingly "unauthorized." Patel is mistaken.

As *Ruan* stated:

       [A] regulation provides that, "to be effective," a prescription "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). We assume, as did the courts below and the parties here, that a prescription is "authorized" and therefore lawful if it satisfies this standard.

142 S. Ct. at 2375. Hence, *Ruan* assumed, and certainly did not invalidate, that unauthorized conduct under Section 841(a)(1) includes issuing prescriptions outside the usual course of professional practice and not for a legitimate medical purpose. This is exactly what the plea agreement described: the third element stated above can be rewritten as, and understood to mean, "the Defendant distributed the controlled substances without authorization," and the fourth element can be rewritten as, and understood to mean, "the Defendant intended to distribute the controlled substances without authorization," exactly as *Ruan* requires. Indeed, post-*Ruan*, the Fourth, Sixth, and Eleventh Circuits upheld substantially similar recitations of the elements which also did not use the word "unauthorized." *See United States v. Kim*, 71 F.4th 155, 164 (4th Cir. 2023); *United States v. Anderson*, 67 F.4th 755, 766 (6th Cir. 2023); *United States v. Germeil*, 2023 WL 1991723, at *9 (11th Cir. Feb. 14, 2023). As *Kim* explained:

5

> [T]he government . . . alleged that Kim conspired and issued the challenged prescriptions "while acting and intending to act outside the usual course of professional practice and not for a legitimate medical purpose." *Ruan* requires the government to prove that the defendant knew or intended to issue unauthorized prescriptions. Because a prescription issued outside the usual course of medical practice and not for a legitimate medical purpose is an unauthorized prescription, *see* 21 C.F.R. § 1306.04(a), the indictment is consistent with the requirements of *Ruan*.

71 F.4th at 164 (internal citations omitted).

Because the elements as stated in the plea agreement were valid, Patel had the correct, accurate information he needed to enter a knowing and voluntary plea, and his claim to the contrary has no merit. Indeed, even in the 2255 Motion, he admits that he "distributed oxycodone outside the usual course of professional practice and not for a legitimate medical purpose." ECF No. 128 at 6; *see also* ECF No. 28 at 5 (Patel admitting in the plea agreement that he distributed controlled substances "with the intent to prescribe Oxycodone and Hydrocodone outside the course of his professional practice and without a legitimate medical purpose"). His ineffective assistance of counsel claim likewise fails for the same reason—counsel provided him with accurate information regarding the elements of the crime, and therefore was not deficient in his performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice). Accordingly, to the extent the Court finds the 2255 Motion timely, the Court should still deny the 2255 Motion as meritless.

**C.     This Court Need Not Conduct an Evidentiary Hearing.**

A district court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing if the defendant's allegations, viewed against the record, "either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."

6

*United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). As explained above, Patel's arguments are time-barred and lack merit. This Court therefore need not conduct an evidentiary hearing.

### D. This Court Should Deny a Certificate of Appealability and Direct the Clerk to Enter a Separate Judgment.

Where a district court denies relief on a motion under § 2255, "the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceeding for the United States District Courts. To obtain a certificate of appealability, the defendant must make "a substantial showing of the denial of a constitutional right" with respect to each challenged issue. 28 U.S.C. § 2253(c)(2), (3). Patel makes no such showing for the reasons explained above. This Court should therefore deny a certificate of appealability. Finally, in *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018), the Ninth Circuit held that Rule 58's separate document requirement applies in 28 U.S.C. § 2255 proceedings. In light of that decision, the Court should direct the clerk to enter a separate judgment on the docket.

**CONCLUSION**

For the foregoing reasons, this Court should deny Patel's 28 U.S.C. § 2255 motion.

DATED this 13th day of September, 2023.

JASON M. FRIERSON
United States Attorney

*s/Jim W. Fang*
JIM W. FANG
Assistant United States Attorney
*Counsel for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I electronically filed the foregoing **Government's Response in Opposition to Defendant Devendra I. Patel's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 128]** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. I further certify that a true and correct copy was sent to the Defendant's counsel via first-class mail, at the following address:

Mr. Beau Brindley
Law Office of Beau Brindley
53 West Jackson Blvd. Ste. 1410
Chicago, IL 60604

Dated: September 13, 2023

*s/ Nicole Vazquez*
NICOLE VAZQUEZ
Paralegal