UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVENDRA I. PATEL,<br><br>Defendant. | Case No. 3:17-cr-114-LRH-CLB<br><br>ORDER |

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("2255 Motion") filed by Defendant Devendra Patel ("Patel"). ECF No. 128. On August 18, 2023, the Court ordered the Government to respond to the 2255 Motion within 30 days, i.e., by September 17, 2023. ECF No. 130. The Government filed its response on September 13, 2023, opposing the 2255 Motion.[1] ECF No. 132. No reply was filed. For the reasons contained within this Order, the Court denies Patel's 2255 Motion (ECF No. 128).

**I.   BACKGROUND**

In 2017, Patel, a medical doctor at the time, was charged in a 39-count indictment with multiple instances of both Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and Healthcare Fraud in violation of 18 U.S.C. § 1347. ECF No. 2. Pursuant to a plea agreement, Patel pleaded guilty to one count of Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1) (2010).[2] ECF Nos. 27, 28. In relevant part, Patel admitted that between

---

[1] The Government certifies that its opposition was filed and served via CM/ECF and mailed to Patel's counsel via first-class mail. *See* ECF No. 132 at 9.

[2] In this Order, all references to 21 U.S.C. § 841(a)(1) refer to the version effective at the time Patel committed the relevant criminal acts and at the time he was charged with committing that crime, which is the version effective between August of 2010 and December of 2018. Nevertheless, the subsequent versions are identical for purposes of this Order.

1

approximately September of 2015 and January of 2016, along with later dates, he (1) "distributed the controlled substances [of oxycodone and hydrocodone] outside the usual course of professional practice and not for a legitimate medical purpose" and (2) "intended to distribute the controlled substances outside the course of his professional practice." ECF No. 28 at 3–4. After being convicted, Patel was sentenced to 37 months imprisonment and 3 years supervised release. ECF No. 40. On appeal, the Ninth Circuit Court of Appeals upheld Patel's conviction and sentence on May 21, 2019. ECF Nos. 90, 102. On June 28, 2023, Patel filed his 2255 Motion, arguing that the plea agreement did not properly state the elements of 21 U.S.C. § 841(a)(1); he also argues that he received ineffective assistance of counsel because his attorney allowed him to sign that plea agreement without understanding those elements. ECF No. 128 at 5–6.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b). However, no hearing is required if the "allegations, 'when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

## III.    DISCUSSION

### A.     Patel's 2255 Motion is time-barred.

"Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a collateral attack on a federal conviction that runs from the latest of four events, including the date on which the judgment of conviction becomes final." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir.

2015). "If the movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition lapses." *Id.* (internal citations omitted). A petition for a writ of certiorari to review a judgment entered by the Ninth Circuit must be filed within 90 days after entry of the judgment. Sup. Ct. R. 13(1), (3).

In the instant case, the latest of the four events under 28 U.S.C. § 2255(f) is when the judgment of Patel's conviction became final. Patel pursued a direct appeal to the Ninth Circuit, and there is no indication that he filed a petition for writ of certiorari with the United States Supreme Court. ECF Nos. 90, 102. Because the Ninth Circuit issued its judgment upholding Patel's conviction and sentence on May 21, 2019, his conviction became final 90 days later on August 19, 2019. Therefore, in order to be timely, Patel's 2255 Motion needed to be filed within one year of when the time for filing a petition for writ of certiorari lapsed, i.e., within one year of August 19, 2019. *See* 28 U.S.C. § 2255(f). Because Patel filed his 2255 Motion on June 28, 2023, it is untimely. *See* ECF No. 128.

As the Government points out, Patel is not entitled to the benefits of equitable tolling.[3] *See* ECF No. 132 at 3–4. To be entitled to the benefits of equitable tolling, Patel is required to demonstrate "'(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Digulielmo*, 544 U.S. 408, 418 (2005)). "This is a very high threshold." *Gilbert*, 807 F.3d at 1202 (internal citation omitted). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness." *Bills*

---

[3] Out of an abundance of caution, the Government also argues that Patel is not entitled to the benefits of the prison mailbox rule. *See* ECF No. 132 at 3. The Court agrees. To be entitled to the benefits of the prison mailbox rule, Patel needed to be incarcerated and submit his 2255 Motion to prison authorities. *See United States v. Winkles*, 795 F.3d 1134, 1145–46 (9th Cir. 2015) (explaining that Rule 3(d) of the Rules Governing 2255 Proceedings "codifie[d] the prison mailbox rule, which states that a motion or other paper submitted by a prisoner is deemed filed as of the date he submits it to prison authorities for mailing if certain conditions are met"). Because Patel is on supervised release, he was not required to submit his 2255 Motion to prison authorities. Therefore, Patel is not entitled to the benefits of the prison mailbox rule.

3

*v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in original) (internal quotation marks and citation omitted).

In the instant case, Patel is not entitled to the benefits of equitable tolling. In his 2255 Motion, Patel cites to the United States Supreme Court decision *Ruan v. United States*, 142 S. Ct. 2370 (2022), and argues that the plea agreement did not properly state the elements of 21 U.S.C. § 841(a)(1); he also argues that he received ineffective assistance of counsel because his attorney allowed him to sign that plea agreement without understanding those elements. *See* ECF No. 128 at 5–6. But as outlined by the Court in the following section of this Order, Patel's arguments fail as a matter of law—he misunderstands the elements of 21 U.S.C. § 841(a)(1) and the Supreme Court's holding in *Ruan*. Patel's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (explaining that a "petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling" (internal citation omitted)).Therefore, Patel fails to meet the high threshold necessary for equitable tolling to apply to his 2255 Motion, and it is untimely. Thus, Patel's 2255 Motion is time-barred.

While a court generally must give a petitioner an opportunity to show why his untimeliness should be excused before dismissing an untimely § 2255 motion, the Court will not order Patel to make this showing because, even if he could demonstrate that he qualifies for equitable tolling, as discussed in the following section of this Order, he is not entitled to relief on the merits of his 2255 Motion. *See Day v. McDonough*, 547 U.S. 198, 210–11 (2006).

**B.     Patel's 2255 Motion fails as a matter of law.**

Even if Patel's 2255 Motion were not time-barred, it fails as a matter of law. Patel provides two arguments in his 2255 Motion. ECF No. 128 at 5–6. Both of the arguments are based upon Patel's interpretation of the Supreme Court's holding in *Ruan*. *See id.* at 5–6 (citing *Ruan*, 142 S. Ct. 2370). Patel first argues that the plea agreement did not properly state the elements of 21 U.S.C. § 841(a)(1). *Id.* at 6. According to Patel, under *Ruan*, in order to violate 21 U.S.C. § 841(a)(1), Patel had to know that the prescriptions he issued were not authorized at the time he wrote them, and because he only admitted to "distribut[ing] oxycodone outside the usual course of professional

4

practice and not for a legitimate medical purpose," the plea agreement does not contain an essential element of 21 U.S.C. § 841(a)(1). *Id.* at 6. Therefore, Patel argues that because he supposedly did not plead guilty to knowingly prescribing controlled substances without authorization, he should not have been convicted. *Id.* However, Patel misunderstands the elements of 21 U.S.C. § 841(a)(1) and the Supreme Court's holding in *Ruan*.

Under 21 U.S.C. § 841(a)(1), it is "unlawful for any person [to] knowingly or intentionally . . . distribute, or dispense . . . a controlled substance" except as authorized. In *Ruan*, the Supreme Court held that the *mens rea* requirement of 21 U.S.C. § 841(a) applies to the authorization component of the statute as well as the distribution-related elements. 142 S.Ct. at 2375. The Court explained that if "a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id.* Significantly, the Court recognized that while "[r]egistered doctors may prescribe these substances to their patients . . . , a prescription is only authorized when a doctor issues it 'for a legitimate medical purpose . . . acting in the usual course of his professional practice.'" *Id.* (quoting 21 C.F.R. § 1306.04(a) (2021)).[4] In other words, the *actus reus* component of prescribing a controlled substance without authorization under 21 U.S.C. § 841(a)(1) is satisfied when (1) a prescription is not issued for a legitimate medical purpose or (2) the practitioner was not acting in the usual course of their professional practice. *See id.* Thus, the *mens rea* component is satisfied when the doctor knowingly or intentionally does either of the two aforementioned *actus reus*. *Id.*

In the instant case, after applying the Supreme Court's holding in *Ruan* to Patel's plea agreement, the Court finds that the agreement satisfies the *mens rea* requirement for authorization under 21 U.S.C. § 841(a)(1). Section III of Patel's plea agreement is labeled, "Elements of the Offense." ECF No. 28 at 3. Under section III, Patel admitted, in relevant part, to the *actus reus* of "distribut[ing] the controlled substances [of oxycodone and hydrocodone] outside the usual course of professional practice and not for a legitimate medical purpose." *Id.* at 3–4. He also admitted to

---

[4] For purposes of this Order, the relevant version of 21 C.F.R. § 1306.04(a) effective between July of 2005 and October of 2020 is identical to the subsequent version cited by the Supreme Court.

the *mens rea* of "*intend[ing]* to distribute the controlled substances *outside the course of his professional practice.*" *Id.* (emphasis added). Therefore, because Patel admitted to intentionally issuing a prescription for a controlled substance outside the usual course of his professional practice, the plea agreement satisfies the *mens rea* requirement for authorization under 21 U.S.C. § 841(a)(1).[5] Thus, Patel's first argument fails because the plea agreement properly stated the elements of 21 U.S.C. § 841(a)(1).

Patel's second argument also fails. Patel argues that he received ineffective assistance of counsel. During plea negotiations, defendants are entitled to the assistance of competent counsel. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). For Patel to demonstrate that he received ineffective assistance of counsel, he must prove that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The "performance" requirement charges the petitioner with demonstrating that his counsel made errors so serious that his attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment to the Constitution of the United States. *Id.* at 687. He must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The Court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. There is a strong presumption that counsel's performance was reasonable and within the appropriate professional standard. *Id*. at 689. Regarding the "prejudice" requirement, the analysis is inapplicable to the instant case because Patel pleaded guilty rather than having been adjudicated guilty following a trial. *See Lafler*, 566 U.S. at 164. Thus, to satisfy the prejudice requirement, Patel must demonstrate that there is a reasonable probability that but for his counsel's errors, the outcome of the plea-bargaining process would have been different. *See id.*

---

[5]   The federal regulation quoted by the Supreme Court in *Ruan* reaffirms this recognition of when a prescription is authorized by providing that the person issuing a purported prescription for a controlled substance not in the usual course of professional treatment "shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances." 21 C.F.R. § 1306.04(a).

In the instant case, Patel fails to satisfy both the performance as well as the prejudice requirements of the analysis. Regarding the prejudice requirement, Patel fails to provide any argument that there is a reasonable probability that but for his attorney's alleged errors, the outcome of the plea-bargaining process would have been different. Regarding the performance requirement, Patel argues that his attorney's performance fell below an objective standard of reasonableness because his attorney allowed him to sign a plea agreement without understanding the elements of 21 U.S.C. § 841(a)(1). ECF No. 128 at 5. This argument is based upon Patel's inaccurate understanding of the *mens rea* requirement for authorization under 21 U.S.C. § 841(a)(1). Patel appears to believe that the plea agreement had to explicitly state that he was pleading guilty to knowingly issuing prescriptions that were not authorized at the time he wrote them. *See id.* However, as the Court previously explained, Patel misunderstands the elements of 21 U.S.C. § 841(a)(1), and the plea agreement satisfies the *mens rea* requirement for authorization. Moreover, during a change of plea hearing, the Court read each element of 21 U.S.C. § 841(a)(1) to which Patel pled guilty, and he confirmed to the Court that he understood each element. ECF No. 43 at 7–8. Patel also confirmed to the Court that he had sufficient time to fully discuss his case and the plea agreement with his attorney, and he was satisfied with his attorney's representation. *Id.* at 4. Patel's attorney did not allow him to sign a plea agreement without understanding the elements of 21 U.S.C. § 841(a)(1), and the attorney's performance did not fall below an objective standard of reasonableness. Thus, both of Patel's arguments related to the merits of his 2255 Motion fail as a matter of law.

In sum, even if Patel's 2255 Motion were not time-barred, it fails as a matter of law. For the reasons the Court has provided throughout this Order, the Court also finds that Patel's allegations, viewed against the record, do not state a claim for relief and are so patently frivolous as to warrant summary dismissal. Therefore, an evidentiary hearing is unnecessary for the Court to reach its conclusion that denying Patel's 2255 Motion is warranted. *See United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) ("The district court may deny a [§] 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either

do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.").

### C. The Court will not issue a certificate of appealability.

In "a proceeding under [§] 2255 before a district judge, the final order shall be subject to review . . . ." 28 U.S.C. § 2253(a). However, "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [§] 2255" unless a district court issues a certificate of appealability. *Id.* § 2253(c)(1)(B). To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In the instant case, Patel fails to make a substantial showing of the denial of a constitutional right. Patel does not argue that he was denied any such right. As outlined in this Order, Patel's 2255 Motion fails as a matter of law. Therefore, the Court will not issue a certificate of appealability.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Patel's 2255 Motion (ECF No. 128) is **DENIED** in accordance with this Order.

IT IS FURTHER ORDERED that Patel is **DENIED** a certificate of appealability.

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies Patel's 2255 Motion.[6]

IT IS SO ORDERED.

DATED this 28th day of November, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[6] The Government moves for a separate order, and the Court agrees that it is warranted. *See* ECF No. 132 at 7; *see also Kingsbury v. United States*, 900 F.3d 1147, 1151 (9th Cir. 2018) (holding that Federal Rule of Civil Procedure "58's separate document requirement applies" to § 2255 motions).